# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 94-03198-GHK (MLG) | **Date** | January 26, 2012 |
| **Title** | David Rey Fierro v. Michael Martel, Warden | | |

**Present: The Honorable**   Marc L. Goldman, Magistrate Judge

| Terri Steele | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   In Chambers: Order Scheduling Final Briefing of Claims

A telephonic status conference was held on November 17, 2011, to address the need for an evidentiary hearing and the status of the remaining claims for relief in this case. As noted in this Court's order of October 25, 2011, Petitioner has received relief from the death sentence imposed in this case. The October 25th Order directed the parties to present arguments at the status conference as to the necessity of holding an evidentiary hearing to resolve the remaining guilt-phase issues. In particular, the parties were asked to address the need to take testimony and receive evidence on claims D(4), D(6), Q, and UU of the petition, which were to be part of a broader evidentiary hearing. On March 3, 2000, District Judge Lourdes Baird, then the presiding judicial officer in this case, had allowed a hearing on those claims as part of a larger inquiry into guilt and penalty. Because of the changed posture of this case, taking live testimony, especially in isolation from penalty-phase claims, may no longer be an efficient use of the Court's time. For that reason, the Court allowed the parties to argue the need for live hearing of those claims at the status conference and to address the rulings of the Court's October 25, 2011 Order. Having heard the argument of the parties, the Court declines to modify the order. In addition, the Court makes the following rulings regarding further proceedings in this case.

1. Moot and Dismissed Claims

The Court reiterates its finding that the penalty-phase claims Y, Z, and AA through SS are moot.

Petitioner's counsel requested an evidentiary hearing on Claim VV, challenging the state habeas corpus process, but conceded at the status conference that the claim had previously been dismissed. An evidentiary hearing on Claim UU, addressing the constitutionality of California's appellate system, was denied without prejudice by District Judge Baird. Nothing has changed which would warrant an evidentiary hearing on that claim.

2. Open Issues

The October 25th Order left open the question of holding an evidentiary hearing on Claim Q. That claim asserted that the state withheld impeachment evidence relating to Dr. Hunter, its medical expert, that could have been used to attack the reliability of his opinions that supported a finding of intent to kill. Dr.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 94-03198-GHK (MLG) | Date | January 26, 2012 |
|---|---|---|---|
| Title | David Rey Fierro v. Michael Martel, Warden | | |

Hunter and witness Carole DiCenso gave testimony that differed as to the sequence of shots. Ms. DiCenso recalled that the first gunshot was louder than the second, but Dr. Hunter's reconstruction of the crime portrayed the second shot as a "contact wound," which would have made a muffled sound. The jury presumably had to choose a scenario to adopt, and chose the one promoted by Dr. Hunter. If the second shot was a deliberate, close-range shot, the jury could infer a mental state of intent to kill and find the special circumstance true. If Dr. Hunter misled the jury, the special circumstance finding may be flawed.

District Judge Baird granted an evidentiary hearing on Claim Q "as to death eligibility only," stating that the impeachment evidence against Dr. Hunter concerned his "professional history." At the status conference, following the Court's direction to focus on specific elements of false testimony by Dr. Hunter during the trial, Petitioner's counsel stated that Dr. Hunter's testimony differed from the protocol in his autopsy report. However, that does not equate to deliberate falsity or an intentional effort to mislead the fact finders. The impact of the failure to clarify Dr. Hunter's background and the conflict between the autopsy protocol and the trial testimony can be weighed from the trial record. It is not necessary to hold an evidentiary hearing to take evidence on Claim Q.

Claim I involves Petitioner's claim that the prosecutor improperly excluded jurors on the basis of race. *Batson v. Kentucky*, 476 U.S. 79 (1986). It is further alleged that counsel was ineffective in failing to object to the prosecutor's challenge to two Hispanic jurors. Under *Haney v. Adams*, 641 F.3d 1168, 1171 (9th Cir. 2011), the *Batson* claim is barred. "The Supreme Court has never allowed a *Batson* challenge to be raised on appeal or on collateral attack, if no objection was made during jury selection. Indeed, as explained below, *Batson* itself presupposes a timely objection." *Haney*, 641 F.3d at 1171. The Circuit reasoned that otherwise such challenges would be "difficult, if not impossible, to evaluate," *Id.* at 1172, and allowing such claims would allow defendants to manipulate the system by "allow[ing] the trial to proceed with the selected jury, then—in the event of a conviction—raise the *Batson* claim on appeal, long after the prosecutor may have forgotten the reasons for his challenges." 641 FD.3d at 1173. The Ninth Circuit joined the 2nd, 3rd, 4th, 8th, and 10th Circuits in holding, in cases dating as far back as 1995, that a contemporary objection was required. Some of those cases are necessarily pre-AEDPA, and *Haney* did not distinguish on the basis of AEDPA, although it did reference AEDPA standards generally in the opinion.

Petitioner argues that *Carrera v. Ayers*, – F.3d. –, 2011 WL 4552468 (9th Cir. 2011), a newer case, stands for the proposition that claims of ineffective assistance of counsel based on the failure to object to the prosecutor's discriminatory use of peremptory challenges are viable for all pre-ADEPA cases. That appears to be correct. However, because defense counsel has died, and the current location of the prosecutor is unknown, the benefit of an evidentiary hearing is questionable. No evidentiary hearing will be held on this claim. It will be analyzed based upon the trial record and the arguments of counsel.

Petitioner also sought an evidentiary hearing on subparts 1, 2, 3, 4 and 6 of Claim D. At the status conference, it was agreed that Claim D(2) had been denied on the merits. Claims D(1) and D(3) both concern failure to investigate. An evidentiary hearing was ordered on claim D(1) relating to counsel's failure to consult a criminologist or pathologist, but only as to the effect upon Petitioner's eligibility for a death sentence. District Judge Baird found that counsel's inaction "did not in any way impact the jury's guilt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 94-03198-GHK (MLG) | Date | January 26, 2012 |
|---|---|---|---|
| Title | David Rey Fierro v. Michael Martel, Warden | | |

verdict." Similarly, Claim D(3) concerned counsel's failure to investigate the possibility of a culpable third party. Again, the Court noted that even with the presence of a third actor at the crime scene, Petitioner "cannot demonstrate any possibility that the guilt phase verdict would have been different" because it would not affect Petitioner's guilt under the felony murder rule.

At the status conference, Petitioner's counsel stressed that he was seeking relief from the special circumstance finding, and noted that the 2000 order allowed that he had demonstrated a "plausible circumstance" in Claim D(1) that might undermine the finding regarding Dr. Hunter's testimony regarding the gunshot sequence if counsel had consulted an expert. By these claims, Petitioner seeks to attack the special circumstance finding by attempting to disprove that he was the shooter and by arguing that he was unable to form the intent to kill because of his impairment. As presented, the Court does not find that a hearing is necessary to the resolution of these claims. The testimonial record and the supplemental filings suffice to provide the Court a full picture of Petitioner's arguments, and no credibility issues are presented necessitating live testimony. Accordingly, no evidentiary hearing will be held on these claims.

Trial counsel is accused in Claim D(6) of being derelict in his representation through failure to object during the prosecution's voir dire and closing argument. Counsel for Respondent did not indicate that the state intended to propose that counsel had a strategic reason for failing to object. She stated that the record contains what the prosecutor said, and that Respondent's view was that none of the statements were improper, or if they were, they were not prejudicial. Neither trial counsel's testimony nor that of any *Strickland* expert is necessary. Accordingly, the Court does not see a reason to hold a hearing into this claim.

Finally, Petitioner seeks a hearing to address Claim D(4)'s assertion that counsel was ineffective in failing to investigate a possible mental state defense. Petitioner seeks to demonstrate that he could not form the intent to kill because of neurological deficits, mental disorders, and borderline mental retardation. The state court finding that Petitioner is mentally retarded advances the claim substantially. It is not questioned that Petitioner has a mental impairment. The issue of whether Petitioner is entitled to relief under *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984) appears to be one that can be evaluated without an evidentiary hearing.

3. Summary

No evidentiary hearing will be held in this case. The Court has discretion to order an evidentiary hearing at any stage if it comes to believe one is necessary to resolve a factual issue that has serious implications for the habeas petition. *Townsend v. Sain*, 372 U.S. 293, 318 (1963) ("in every case [the trial judge] has the power, constrained only by . . . sound discretion, to receive evidence bearing upon the constitutional claim"). However, at this stage, the Court does not see that such a hearing is necessary or will be useful.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 94-03198-GHK (MLG) |
| Title | David Rey Fierro v. Michael Martel, Warden |
| Date | January 26, 2012 |

There has been no memoranda of law filed on the issues presented in the petition for over 10 years. Since that time, a third amended petition has been filed. In his December 2, 2011, status report, Petitioner requested the opportunity to brief Claims B, D(1), D(3), D(4), D(6), E, F, I, L, M, N, O, P, Q, R, S, T, U, V, W, and X. This case is now at the stage of final briefing. Petitioner shall file a memorandum of law setting out the factual and legal arguments on all claims that he wishes the Court to consider. All argument shall be contained in a single brief; no party shall refer to or incorporate argument from any other pleading. Petitioner shall have until May 1, 2012, to file his opening memorandum of law. Respondent's memorandum of law in opposition shall be filed no later than August 1, 2012, and Petitioner's reply brief shall be filed no later than September 1, 2012. The opening brief and opposition shall be limited to 100 pages. The reply shall be limited to 30 pages. The parties are advised that these dates are firm and no extensions of time shall be granted. After receiving the initial two memoranda, the Court will determine whether oral argument is necessary.

Initials of Clerk    ts